**CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**
50 Maryland Avenue
Rockville, Maryland 20850

Main: 240-777-9400

NOTICE:
PLEASE ATTACH A COPY OF THE COMPLAINT TO THE SUMMONS BEFORE SERVICE

**To:** TV ONE LLC
1010 WAYNE AVE
SILVER SPRING, MD 20910

**Case Number:** **C-15-CV-26-001994**
**Other Reference Number(s):**

**BRUCE MYLES VS. TV ONE LLC, ET AL.**

Issue Date: 07/29/2026

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion in this court to the attached complaint filed by:

Myles, Bruce
Attica Correctional Facility
PO Box 149
#23B2150
ATTICA NY 14011

within 30 days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

Karen A. Bushell

Karen A. Bushell
Clerk of the Circuit Court

NOTE:
1. This summons is effective only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. This summons is effective for service only if served within 60 days after the date it is issued.
3. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason(s).

4. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
5. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

## RETURN

☐ Served ______________________ on ______________ at ______________________
Whom Date City/State/Country

☐ Summons and ☐ Show Cause Order and ☐ Complaint/Petition/Motion Served

☐ Unserved ______________ ______________________________
Date Reason

______________________________ ☐ Sheriff
Signature

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND

BRUCE MYLES,
PLAINTIFF

V.

TV ONE LLC,
JUPITER ENTERTAINMENT, INC.,
AMBER GALLAGHER,
DEFENDANTS.

CIVIL ACTION NO.______
(assigned upon filing)

## COMPLAINT AND JURY DEMAND NATURE OF THE ACTION

This action arises from defendant's broadcast of a television episode containing false statements and fabricated dramatizations portraying plaintiff as abusive, violent, and criminally culpable, despite the absence of supporting evidence, for the purpose of sensationalized entertainment and commercial gain.

## JURISDICTION AND VENUE

This court has subject-matter jurisdiction pursuant to Md.Code, Cts. & Jud.Proc.Section 1-501.

Venue is proper in Montgomery County pursuant to Md. Code, Cts & Jud. Proc. Section 6-201 because defendants conduct business in Montgomery County, broadcast the episode into Montgomery County, and plaintiff suffered reputations and emotional harm in this county.

## PARTIES

Plaintiff Bruce Myles is an individual, musician, and content creator with an established social media and youtube following.

Defendant Jupiter Entertainment, Inc. produced the episode at issue.

Defendant Amber Gallagher was a producer of the episode and exercised editorial and creative control over it's content.

## FACTUAL ALLEGATIONS

On or about June 23,2025, Defendant's broadcast "Fatal Attraction", season 15, episode 56, titled "Heartless Homicide".

The episode purported to depict the murders of Shabriah Gainey and Julian Mansaw.

The episode falsely alleged that Plaintiff was involved in a 3 year abusive romantic relationship with Ms. Gainey.

In truth, Plaintiff and Ms. Gainey were never romantically involved and knew eachother for approximately four months as friends.

During Plaintiff's criminal trial, no allegations of abuse, motive, or prior violence were ever presented.

Plaintiff's criminal case was entirely circumstantial, and no direct evidence linked Plaintiff to the murders.

Defendant's fabricated events for dramatic effect, including false claims that Plaintiff:

•drove a white sedan that stopped at a convenience store after the murders;

- stopped near a creek to dispose of a weapon;
- physically abused ms. gainey, as depicted in reenactments;
- fled to ohio to evade law enforcement;
- was habitually angry,violent,and abusive in character.
- was seen at the apartment complex where murder occured

These claims were never supported by trial testimony or evidence.

Plaintiff traveled to Ohio two days later where he lived, when no arrest warrant existed, due to threats made against him on social media.

Defendant failed to interview Plaintiff, failed to verify trial records, and failed to conduct a reasonable investigation before airing the episode.

Defendant published these falsehoods knowing they were false or with reckless disregard for the truth.

As a direct result, Plaintiff has suffered severe emotional distress, reputational harm, professional damage, and harm to his family, including his children, in addition to this wrongful conviction currently being reviewed under appeal.

CONDUCT I DEFAMATION (common law)

Defendant's published false statements of fact portraying Plaintiff as abusive, violent, deceptive, and criminally culpable.

False accusations of domestic abuse and criminal conduct constitute defamation per se under Maryland Law. See Shapiro V. Massengil,105 Md.App 743 (1995).

Plaintiff is a private individual, and Defendant's acted at minimum with negligence, and more likely with reckless disregard for the truth by fabricating events unsupported by trial evidence. See Hearst Corp V. Hughes, 297 Md. 112 (1983).

Plaintiff has suffered reputations injury, emotional distress, and professional harm.

## COUNT II FALSE LIGHT INVASION OF PRIVACY

Maryland recognizes false light claims where a Defendant publishes information placing a Plaintiff in a highly offensive false position. See Bagwell V. Peninsula Regl Med. Ctr.,106 Md.App.470 (1995)

Defendant's knowingly or recklessly portrayed Plaintiff as an abusive partner and violent individual, a depiction highly offensive to a reasonable person.

Defendant's acted with malice or reckless disregard for the truth.

## COUNT III NEGLIGENCE

Defendant's breached that duty by failing to verify trial records, failing to interview Plaintiff, and inventing events.

Plaintiff suffered foreseeable harm as a direct result. See Jacques V. First Natl Bank, 307 Md. 527 (1986).

## COUNT IV INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendant's conduct was extreme and outrageous, exceeding all bounds tolerated in a civilized society.

Defendant's knowingly fabricated abuse, motive, and criminal behavior for profit.

Plaintiff suffered severe emotional distress. See Harris V. Jones, 281 Md. 560 (1977).

## PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. Compensatory damages in excess of $20,000,000

B. Punitive damages

C. Injunctive relief requiring retraction or correction

D. Costs and attorney fees

E. Such other relief as the court may deem just and proper.

Respectfully,

Bruce Myles #23B2150

Attica Correctional Facility

P.O. Box 149

Attica , New York 14011-0149

SWORN TO BEFORE ME ON THIS

14th DAY OF February , 2026

NOTARY PUBLIC

ANTHONY J EHRENREICH
Notary Public, State of New York
Registration # 01EH0016932
Qualified in Erie County
Commission Expires 11/27/27